Magistrate Judge Paula L. McCandlis

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ALBERINO LOPEZ-CRUZ,<br><br>Defendant. | CASE NO.  MJ25-206<br><br>COMPLAINT for VIOLATION<br><br>Title 8, U.S.C., Section 1326(a) |

BEFORE, United States Magistrate Judge PAULA L. McCANDLIS, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Reentry of Removed Alien)

On or about April 2, 2025, in Whatcom County, within the Western District of Washington, ALBERINO LOPEZ-CRUZ, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

Complaint
*United States v. Alberino Lopez-Cruz* - 1
USAO # 2025R00469

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 8, United States Code, Section 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Jordan Dolan, being first duly sworn on oath, depose and say:

**<u>INTRODUCTION</u>**

1. I am a Special Agent with Homeland Security Investigations (HSI). As a Special Agent, I am empowered by law to investigate and to make arrests for offenses enumerated in Title 8 of the United States Code. I have been a Special Agent with HSI since February 21, 2016. I was trained to conduct investigations relating to violations of federal law through attending the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Centers (FLETC) in Glynco, Georgia. While at FLETC, I received nearly 1000 hours of training in such areas including, but not limited to criminal law, human smuggling/trafficking investigations, and criminal procedures. I was trained to conduct investigations relating to violations of Title 8 of the United States Code.

2. Prior to being a Special Agent with HSI, I was employed as a Border Patrol Agent (BPA) with the United States Border Patrol (USBP), from September 1999 to May 2005. As a BPA, I conduced criminal investigations focusing on the entry without inspection and illegal re-entry of undocumented aliens as well as human smuggling of undocumented aliens across the United States border with Mexico.

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. This Affidavit is intended to merely show there is

Complaint
*United States v. Alberino Lopez-Cruz* - 2
USAO # 2025R00469

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sufficient probable cause for the above charge and does not set forth all my knowledge about this matter.

4.     As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that Alberino LOPEZ-CRUZ, who was previously removed from the United States, was found in the United States after knowingly and voluntarily reentering the United States without prior authorization to do so.

**SUMMARY OF PROBABLE CAUSE**

5.     United States Citizenship and Immigration Services (USCIS) maintains an alien registration administration file, commonly referred to as an "A-file," A201-157-414, on Alberino LOPEZ-CRUZ (hereinafter "LOPEZ-CRUZ"). This file is the official immigration file maintained by USCIS and is a consolidated repository of all known immigration contacts with LOPEZ-CRUZ. It contains documents pertaining to his identity and alienage and shows that he is a native and citizen of Mexico.

6.     LOPEZ-CRUZ's A-file contains official immigration records of the Department of Homeland Security (DHS). The records in LOPEZ-CRUZ's A-file reflect the following criminal and immigration history relating to LOPEZ-CRUZ:

   a. On February 28, 2011, in the U.S. District Court, District of Arizona, LOPEZ-CRUZ was convicted of one count of Title 8, U.S.C., Section 1325, Illegal Entry into the United States, and was sentenced to two days of imprisonment.

   b. On February 28, 2011, the United States Border Patrol (USBP) Agent in Charge (acting) in Tucson, Arizona ordered LOPEZ-CRUZ removed from the United States pursuant to an Order of Expedited Removal. LOPEZ-CRUZ was physically removed from the United States to Mexico on February 28, 2011, on foot via the Nogales Port of Entry.

Complaint
*United States v. Alberino Lopez-Cruz* - 3
USAO # 2025R00469

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      c. On April 29, 2011, the USBP Agent in Charge in Sumas, Washington determined LOPEZ-CRUZ was subject to removal from the United States through reinstatement of his prior order of removal. LOPEZ-CRUZ was physically removed from the United States to Mexico on May 7, 2011, on foot via the San Ysidro Port of Entry.

7. The above removal records bear the fingerprint, photograph, and signature of LOPEZ-CRUZ as physical proof of his removal from the United States to Mexico.

8. On February 26, 2025, HSI Blaine, Washington served a Notice of Inspection (NOI) and administrative subpoena to the owner of Mt. Baker Roofing, located at 928 Thomas Rd, Bellingham, Washington 98226. The NOI and subpoena requested Employment Eligibility Verification Forms (I-9s) and identification documents for each employee.

9. On March 4, 2025, HSI received I-9s and identification documents for the employees at of Mt. Baker Roofing. Among those I-9 forms, HSI agents located a Form I-9 with LOPEZ-CRUZ's name and known date of birth. Accompanying LOPEZ-CRUZ's I-9 was photocopy of Permanent Resident Alien card ("LPR card") that displayed LOPEZ-CRUZ's biographical information and listed A-number A096-176-951.

10. HSI agents conducted DHS systems and databases checks that showed that LOPEZ-CRUZ was not, and had never been, a legal permanent resident of the United States, and that he was previously removed from the country. DHS systems checks also indicated that the A number reflected on the LPR card presented by LOPEZ-CRUZ (A096-176-951) was not assigned to him.

11. On April 2, 2025, HSI, Enforcement and Removal Operations (ERO) officers, United States Border Patrol (USBP) agents, and Customs and Border Protection (CBP) officers executed a federal search warrant at Mt. Baker Roofing in Bellingham, Washington. During the warrant execution, agents questioned LOPEZ-CRUZ and he

Complaint  
*United States v. Alberino Lopez-Cruz* - 4  
USAO # 2025R00469

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

1  admitted to being a citizen of Mexico with no legal documentation to remain in the
2  United States. LOPEZ-CRUZ was then placed under arrest for civil administrative
3  immigration violations and transported to ERO's office in Tukwila, Washington for
4  further interviewing and processing.

5  12.  12.  At ERO Tukwila, ERO Deportation Officers submitted LOPEZ-
6  CRUZ's fingerprints to the Department of Homeland Security (DHS) IDENT Biometric
7  Database which returned a positive fingerprint match to LOPEZ-CRUZ, assigned A-file
8  A201-157-414. DHS systems checks also showed that A-file A201-157-414 contained
9  evidence of LOPEZ-CRUZ's immigration history into the United States, mentioned
10 above.

11  13.  Agents have conducted a complete and thorough review of LOPEZ-
12 CRUZ's A-file A201-157-414. LOPEZ-CRUZ's A-file contains no evidence that
13 Defendant has ever applied for or received permission from the Attorney General or the
14 Secretary of the Department of Homeland Security to reenter the United States after
15 being removed.

16  14.  Based on the foregoing, I have probable cause to believe that LOPEZ-
17 CRUZ was found in the United States, after knowingly and voluntarily reentering the
18 United States without the express consent of the Attorney General and the Secretary of
19 the Department of Homeland Security, in violation of Title 8, United States Code,
20 Section 1326(a).

21  //
22  //
23  //

Complaint
*United States v. Alberino Lopez-Cruz* - 5
USAO # 2025R00469

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

15. Based on the above facts, I respectfully submit that there is probable cause to believe that Alberino LOPEZ-CRUZ has committed the aforementioned offense.

                                                Jordan Dolan, Complainant
                                                Special Agent, Homeland Security Investigations

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 10th day of April 2025

                                                HON. PAULA L. McCANDLIS
                                                United States Magistrate Judge

Complaint  
United States v. Alberino Lopez-Cruz - 6  
USAO # 2025R00469

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970