Paula L. McCandlis

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 11 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALBERINO LOPEZ-CRUZ,

    Defendant.

NO. 25-MJ-206

MOTION FOR DETENTION

The United States moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. § 3142(e) and (f)

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

☐     Crime of violence (18 U.S.C. § 3156).

☐     Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

☐     Crime with a maximum sentence of life imprisonment or death.

☐     Drug offense with a maximum sentence of ten years or more.

DETENTION MOTION - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| 1 | ☐ | Felony offense and defendant has two prior convictions in the four categories above, or two State convictions that would otherwise fall within these four categories if federal jurisdiction had existed |
| 4 | ☐ | Felony offense involving a minor victim other than a crime of violence. |
| 5 | ☐ | Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon. |
| 8 | ☐ | Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250). |
| 10 | ☒ | Serious risk the defendant will flee. |
| 11 | ☐ | Serious risk of obstruction of justice, including intimidation of a Prospective witness or juror. |

2.  **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check both):

☒ Defendant's appearance as required.

☐ Safety of any other person and the community.

3.  **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against defendant under § 3142(e). The presumption applies because:

☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☐ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more.

☐ Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism).

1      ☐    Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

☒    At the initial appearance

☒    After a continuance of _3_ days (not more than 3)

DATED this 11th day of April, 2025.

                                     Respectfully submitted,

                                     TEAL LUTHY MILLER
                                     Acting United States Attorney

                                     /s/ Katherine G. Collins
                                     KATHERINE G. COLLINS
                                     Special Assistant United States Attorney
                                     United States Attorney's Office
                                     700 Stewart Street, Suite 5220
                                     Seattle, Washington 98101
                                     Phone: 206-553-4356
                                     Fax: 206-553-0755
                                     Email: Katherine.collins@usdoj.gov